# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs ) <br> ) <br> DWIGHT NEVEN, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **Case No. 2:07-cv-01088-JCM-GWF** <br><br> _____ORDER_____ |

    Before the court is Plaintiff's Amended Civil Rights Complaint (Docket #14). The court has screened Plaintiff's complaint pursuant to 28 U.S.C. §1915A.

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution

1 or laws of the United States was violated, and (2) that the alleged violation was committed by
2 a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

3      In addition to the screening requirements under § 1915A, pursuant to the
4 Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the
5 allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim
6 on which relief may be granted," or "seeks monetary relief against a defendant who is immune
7 from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim
8 upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6),
9 and the Court applies the same standard under Section 1915(e)(2) when reviewing the
10 adequacy of a complaint or amended complaint.

11      Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*
12 *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for
13 failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts
14 in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d
15 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations
16 of material fact stated in the complaint, and the Court construes them in the light most
17 favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).
18 Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings
19 drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519,
20 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed
21 factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell*
22 *Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the
23 elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286
24 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### 1. Count I

Count I of Plaintiff's civil rights complaint alleges that his Eighth and Fourteenth Amendment rights were violated when he was exposed to unreasonable levels of environmental tobacco smoke (ETS). Plaintiff alleges that he is a non-smoker, and was given a medical designation as a non-smoker by prison doctors. According to Plaintiff, in January, 2002, and then again in August 2002, Drs. Gedney and Williamson stated in Plaintiff's medical file that a non-smoking cell was medically necessary.

Plaintiff alleges that in January, 2005 he was transferred to High State Desert Prison (HDSP), where Defendant Jane Doe, the prison housing coordinator, assigned him a smoking cell-mate. Plaintiff states that at the time there were numerous smoker/non-smoker inmate combinations that could have been rearranged in order to provide him with a non-smoking cell-mate. Plaintiff alleges that in January, 2006 he filed a grievance and sent an inmate request form to Defendant Neven asking for a non-smoking cell-mate. Plaintiff claims that Defendant Neven denied the request. Plaintiff alleges that Defendant's caseworker Graham responded to his informal grievance, saying that sometimes smokers and non-smokers have to be housed together. Plaintiff alleges that Defendant Graham stated Plaintiff had no medical restrictions preventing him from being housed with a smoker.

1  Plaintiff filed additional grievances, which he claims were denied by Defendant
2 Claud Willis as unacceptable and improperly filed.  Plaintiff appealed the denial of his
3 grievances, and Defendant Schlottman allegedly denied the appeal for the same reasons given
4 by Defendant Graham.  Defendant Flores denied another of Plaintiff's grievances, stating that
5 it lacked clarity as to what Plaintiff was seeking.  Plaintiff continued filing grievances and
6 requests for a non-smoking cell-mate, which were all denied. Additionally, Plaintiff alleges that
7 he was given new cell-mates on several occasions, and each time was assigned another smoker.
8 Plaintiff alleges he sent a kite to Defendant Morrow, which was ignored.

9  Plaintiff alleges that he was moved to different cells twice in April, 2006, and
10 both times was paired with smoking inmates.  In June, 2006 Plaintiff filed yet another
11 grievance, which was denied by Defendant Neven.  Plaintiff claims Defendant Cox ignored his
12 second level grievance.  Plaintiff alleges that the constant exposure to ETS poses a risk to his
13 present and future health.

14  The treatment a prisoner receives in prison, and the conditions under which he
15 is confined, are subject to scrutiny under the Eighth Amendment's prohibition against cruel
16 and unusual punishment.  *Helling v. McKinney,* 509 U.S. 25, 31 (1993).  In order to
17 demonstrate a violation of an inmate's Eighth Amendment rights, he must demonstrate a
18 denial of the minimal civilized measure of life's necessities resulting from the deliberate
19 indifference of prison personnel or officers. *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996),
20 *citing Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *Wilson v. Seiter,* 501 U.S. 294, 302-303
21 (1991). In *Helling* the Supreme Court dealt directly with the issue of inmate exposure to ETS.
22 In that case, the Supreme Court affirmed the Court of Appeal's holding that an inmate had
23 stated a viable cause of action under the Eighth Amendment by alleging that prison officials
24 were deliberately indifferent to the unreasonable health risks accompanying exposure to ETS.
25 509 U.S. at 35.  While the court offers no opinion whether Plaintiff will ultimately be able to
26

4

1 prove that he is being exposed to unreasonably high levels of ETS, or that Defendants were
2 deliberately indifferent to the risks involved, the court does find that Plaintiff has stated a
3 viable Eighth Amendment claim regarding his exposure to environmental tobacco smoke that
4 is sufficient to survive screening.

### 2. Count II

In Count II of Plaintiff's civil rights complaint, he alleges that his Eight and Fourteenth Amendment rights were violated when he was forced to sleep on the floor in segregation, with 24-hour lighting. Plaintiff alleges that after a dispute with Defendant Baca, he was placed in administrative segregation. According to Plaintiff, the cell he was placed in had no bunk, so he was forced to sleep on the concrete floor. Additionally, Plaintiff alleges that the light in the cell was kept on 24 hours a day. Plaintiff also alleges that a broken light fixture in the hallway made a constant loud buzzing noise that interfered with his ability to sleep. Plaintiff claims that he complained to Defendant Stroud about the lighting and the noise, but nothing was done about the situation. Plaintiff alleges that he was forced to sleep on the floor with constant lighting and the loud buzzing noise for the entire four days he was in segregation. Plaintiff filed a formal grievance, which he alleges was denied by Defendant Shalls.

The Eighth Amendment is not a basis for broad prison reform. *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982.) It does not require that prisons be comfortable or that they provide every amenity a person might desire. *Id.* While the routine discomfort inherent in the prison setting may be inadequate to invoke the Eight Amendment, however, "those deprivations denying 'the minimal civilized measures of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2000), *cert denied,* 523 U.S. 1065 (2001). Prison officials have a duty to ensure that inmates are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

Plaintiff's claims are sufficient to state viable claims under §1983. Adequate lighting is one of the fundamental attributes of the "adequate shelter" required by the Eighth Amendment. *Keenan v. Hall,* 83 F.3d 1083, 1090 (9th Cir. 1996) *citing Hoptowit v. Spellman,* 753 F.2d 779, 783 (9th Cir. 1985). There is no penological justification for requiring an inmate to suffer physical and psychological harm by living in constant illumination. *Id., citing LeMaire v. Maass,* 745 F.Supp. 623, 636 (D.Or. 1990), *vacated on other grounds,* 12 F.3d 1444 (9th Cir. 1993). Additionally, the Eighth Amendment requires that inmates "be housed in an environment that, if not quiet, is at least reasonably free of excess noise." *Id., quoting Toussaint v. McCarthy,* 597 F.Supp. 1388, 1397 (N.D.Cal. 1984), *aff'd in part, rev'd in part on other grounds,* 801 F.2d 1080 (9th Cir. 1986), *cert denied,* 481 U.S. 1069 (1987). In this case, Plaintiff has alleged that he was placed in a segregation cell with 24 hour lighting and a constantly buzzing light fixture, and that his complaints about the conditions were ignored. Plaintiff alleges that as a result of the constant light and noise, he was unable to sleep and suffered from headaches. Plaintiff has adequately stated Eighth Amendment claims regarding the constant illumination and noise he was subjected to during his time in segregation.

Plaintiff also alleges that he was forced to sleep on the concrete floor in segregation because there was no bunk or mattress. The failure to provide an inmate with a bed or mattress is actionable under the Eighth Amendment. *See Thompson v. City of Los Angeles,* 885 F.2d 1439, 1448 (9th Cir. 1989); *Ramirez v. County of San Francisco,* 1997 WL 33013 (N.D.Cal. 1997) (unpublished); *Lareau v. Manson,* 651 F.2d 96, 107-108 (2d Cir. 1981); *Union County Jail Inmates v. Di Buono,* 713 F.2d 984, 996 (3d Cir. 1983); *Anela v. Wildwood,* 790 F.2d 1063, 1067 (3d Cir. 1986); *Vazquez v. Gray,* 523 F.Supp. 1359, 1365 (S.D.N.Y. 1981). In this case, Plaintiff alleges that he was forced to sleep on a concrete floor without any mattress for four days. Plaintiff's claim is sufficient to state an Eight Amendment violation under §1983.

### 3.     Count III

In Count III of Plaintiff's complaint, he alleges that his Eighth and Fourteenth Amendment rights were violated when prison medical personnel acted with deliberate indifference to his serious medical condition. Specifically, Plaintiff alleges that he was involved in an altercation with his cell-mate that resulted in cross blood contamination. The prison nurse took some of Plaintiff's blood to test for HIV or other possible pathogens. Plaintiff alleges that he was told by the nurse that if he did not hear back from the doctor, Defendant MacArthur, that meant nothing was found in his blood-work. According to Plaintiff, his blood was taken two more times after the initial blood draw, yet he heard nothing back from the doctor.

Plaintiff alleges that upon reviewing some of his medical records in one of his other civil rights cases, he discovered that the original blood test was positive for hepatitis C. Plaintiff claims that Defendant MacArthur never informed him of the blood test results. Plaintiff also alleges that prior to entering the Nevada Department of Corrections, he had two separate surgeries, and the blood work for those surgeries found no hepatitis C. Plaintiff alleges that he does not engage in homosexual sex, tattoos, or intravenous drug use, and so was not generally at risk for contracting hepatitis C.

In order to state a claim under § 1983 for medical deprivation, Plaintiff must allege facts demonstrating that the acts or omissions "were sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A claim of deliberate medical indifference, however, does not exist unless a delay in treatment caused the Plaintiff actual harm. *Shapley v. Nevada Bd. Of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985) (per curiam), *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir. 1990).

1  Deliberate indifference to an inmate's serious medical condition violates the
2 Eighth Amendment's proscription against cruel and unusual punishment. *Long v. County of*
3 *Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).  In order to state a claim for deprivation of
4 medical care under §1983, Plaintiff must allege facts demonstrating that the acts or omissions
5 "were sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*
6 *v. Gamble,* 429 U.S. 97, 106 (1976).  A determination of "deliberate indifference" involves an
7 examination of two elements: 1) the seriousness of the prisoner's medical needs and 2) the
8 nature of the defendant's response to those needs.  *McGuckin v. Smith,* 974 F.2d 1050, 1059
9 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th
10 Cir. 1997) (en banc).  A serious medical need exists if the failure to treat the prisoner's
11 condition could result in further significant injury or the unnecessary and wanton infliction of
12 pain.  *Id., citing Gamble,* 429 U.S. at 104.  Defendant's deliberate indifference may be shown
13 by the defendant's purposeful act or failure to respond to a prisoner's pain or possible medical
14 need, and harm resulting from the indifference.  *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir.
15 2006).
16  In this case, Plaintiff alleges that Defendant MacArthur intentionally withheld
17 knowledge of the existence of a communicable disease from Plaintiff.  Plaintiff further claims,
18 that Defendant MacArthur denied him treatment for his condition.  In short, Plaintiff has
19 alleged that Defendant MacArthur failed to act on the knowledge that Plaintiff had tested
20 positive for a serious and contagious illness.  As a result of Defendant MacArthur's failures,
21 Plaintiff alleges that his illness has gone untreated.  Plaintiff's allegations are sufficient to state
22 an Eight Amendment claim under §1983.
23  **4.  Count IV**
24  Count IV of Plaintiff's complaint presents a state law claim for professional
25 negligence under NRS 41A.015 against Defendant MacArthur.  Plaintiff has essentially alleged
26

that Defendant MacArthur committed malpractice by failing to reveal the results of Plaintiff's blood test, and by failing to treat Plaintiff for hepatitis C. This court has supplemental jurisdiction over Plaintiff's state law tort claim. *See* 28 U.S.C. § 1367. In Nevada, in order to proceed on a negligence claim, a plaintiff generally must allege that: (1) the defendant had a duty to exercise due care towards the plaintiff; (2) the defendant breached the duty; (3) the breach was an actual cause of the plaintiff's injury; (4) the breach was the proximate cause of the injury; and (5) the plaintiff suffered damage. *Perez v. Las Vegas Medical Center,* 107 Nev. 1, 4, 805 P.2d 589, 590-591 (Nev.1991). NRS 41A.015 defines professional negligence as:

> a negligent act or omission to act by a provider of health care in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death. The term does not include services that are outside the scope of services for which the provider of health care is licensed or services for which any restriction has been imposed by the applicable regulatory board or health care facility.

As discussed above, Plaintiff alleges that Defendant MacArthur failed to disclose the results of a blood test that was positive for hepatitis C, and failed to provide Plaintiff with any treatment for the hepatitis. Although it is not clear from Plaintiff's complaint exactly what harm he suffered as a result of the alleged negligence, the fact that Plaintiff claims his hepatitis C has gone untreated as a result of Defendant's actions is sufficient to state a viable claim at this stage of the litigation.

**IT IS THEREFORE ORDERED** that the screening of Plaintiff's Amended Civil Rights Complaint (Docket #14) has been completed pursuant to 28 U.S.C. §1915A. Defendants shall answer or otherwise respond to Plaintiff's Amended Civil Rights Complaint (Docket #14) within sixty (60) days of the entry of this order.

Dated this 26th day of October, 2007.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

9