CATHERINE CORTEZ MASTO
Nevada Attorney General
MARTIN I. MELENDREZ
Deputy Attorney General
Nevada Bar No. 7818
Public Safety Division
Office of the Attorney General
555 E. Washington Ave., #3900
Las Vegas, NV 89101
Telephone: (702) 486-3420
Fax: (702) 486-3773
Attorneys for Defendants Dwight Neven, Isidro Baca, William Venneman, Cole Morrow, Greg Cox, Lorena Flores, Duane Graham, Fritz Schlottman, Lashawn Miller, and Steven MacArthur

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES, PRO SE,<br><br>Plaintiff,<br><br>v.<br><br>DWIGHT NEVEN; AWP BACA; COLE MORROW; GREG COX; LORENA FLORES; DUANE GRAHAM; LOEMAN CHURCH; WILLIAM VENNEMAN; DOE HOUSING COORDINATOR; FRITZ SCHLOTTMAN; LASHAWN MILLER; STEVEN MACARTHUR; JOHN & JANE DOE 1-50;<br><br>Defendants. | Case No.: 2:07-cv-01088-JCM-GWF<br><br>**Opposition to Plaintiff's Countermotion to Stay Summary Judgment and Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and Defendants' Motion to Strike Plaintiff's Exhibits** |

**Comes Now**, Defendants, DWIGHT NEVEN; AWP BACA; COLE MORROW; GREG COX; LORENA FLORES; DUANE GRAHAM; WILLIAM VENNEMAN; DOE HOUSING COORDINATOR; FRITZ SCHLOTTMAN; LASHAWN MILLER; STEVEN MACARTHUR (collectively "Defendants"), by and through their counsel of record, Catherine Cortez Masto, Nevada Attorney General, and her Deputy Attorney General, Martin I. Melendrez, and hereby file this Opposition to Plaintiff's Countermotion to Stay Summary Judgment and Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and Defendants' Motion to Strike Plaintiff's Exhibits, the Opposition and Reply is filed pursuant to Fed. R. Civ. P. 7 and 56 and

LR-7 and LR-56, the following points and authorities and the papers and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   Plaintiff's Countermotion To Stay The Defendants' Motion to Dismiss Should Be Denied.**

Plaintiff requests this Court stay a ruling on Defendants' Motion to Dismiss (CD#55). The Motion to Dismiss (CD#51) was filed with additional documents under seal for the Court's *in camera* review.  Pursuant to Fed. R. Civ. P. the Court's consideration of such evidence will deem the Motion to Dismiss a Motion for Summary Judgment.  The Court should properly consider the extrinsic evidence. Under FRCP 56(f), a party may move for a stay of the Motion for Summary Judgment's ruling, if the movant makes three showings:

1. a description of the particular discovery the movant intends to seek;
2. an explanation showing how that discovery would preclude the entry of summary judgment; and
3. a statement justifying why this discovery had not been or could not have been obtained earlier.  See *Tatum v. City of San Francisco,* 441 F.3d 1090, 1100 (9th Cir. 2006); *Doe v. Abington Friends Sch.*, 480 F.3d 252 255 n.3. (3d. Cir. 2007), *Hackworth v. Progressive Casualty Ins. Co.,* 468 F.3d 722, 732 (10th Cir. 2006);

In this case, Plaintiff's conclusory statements and allegations do not amount to disputed facts.  Rather, Plaintiff's claims necessarily revolve around his medical classifications.  As such, the Defendants properly provided the medical records to the Court.

As the Court is aware, inmate medical records are confidential and inmates are not permitted to have a copy of the records.  See NDOC Administrative Regulation 639.  The improperly submitted documents and affidavits of Plaintiff should be stricken from the records as they do not provide this Court with any acceptable or relevant evidence to counter the papers on file with Defendants Motion to Dismiss.

It is well settled that a party opposing summary judgment bears the burden of showing "what facts she hopes to discover to raise a material issue of fact." See *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). The party seeking additional discovery also bears the burden

of showing that the evidence sought exists. *Id.*, *citations omitted*. Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation. *Id.*, *citations omitted*. In *Terrell*, the court denied the Rule 56(f) motion because the plaintiff failed to show the existence of additional essential and discoverable evidence. *Id*.

Here, Plaintiff's Countermotion to Stay should be denied, as Plaintiff has not asserted that there is any additional evidence and the statements Plaintiff submits to the Court amount to pure speculation. Plaintiff's affidavit found at pages 7 and 8 of his Countermotion and Opposition (CD#55) provide for mere speculation about what is contained in the medical file. Plaintiff's affidavit admits that the medical file is the only evidence that might possibly support his claim. As such, the Court's *in camera* consideration of the documents attached to the Motion to Dismiss is admittedly proper and similar to *Terrell*, the Court should deny Plaintiff's motion to stay the ruling on Defendants' Motion to Dismiss.

II. **This Issue Is Moot As Administrative Regulation 115 Prohibits Smoking In Inmate Cell.**

Pursuant to AR 115, smoking is prohibited within NDOC, including inmate cells. (*See* Exhibit A, AR 115)  This policy took effect January 1, 2007, based upon a change in the NRS statutes, specifically, NRS 202.2491 and NRS 209.131 and the Nevada Clean Indoor Air Act, Initiative Petition–Question 5. Plaintiffs assertion that the prison sells tobacco products does not show that Plaintiff was exposed to an unreasonably high level of ETS. As such, Plaintiff's claims should be dismissed as moot based on AR 115 prohibiting smoking in inmate cells.

III. **Under *Helling*, Plaintiff Is Not Entitled To A Smoke-Free Correctional Facility.**

In *Helling v. McKinney,* the Supreme Court establishes a constitutional right to be free from a level of environmental tobacco smoke so high that it poses an unreasonable risk of serious damage to future health, and to prevail, a plaintiff must show that he has not only been exposed to such unreasonably high levels of smoke but also that such exposure is contrary to current standards of decency for anyone to be so exposed and that today's society will not tolerate such exposure. *Helling,* 509 U.S. at 35-36.

Plaintiff has not stated in his Countermotion and Opposition that he was exposed to unreasonably high levels of smoke that would violate the current standards of decency regarding such exposure. (CD#55)  Rather, Plaintiff without any authority or admissible evidence asserts that any exposure to ETS is actionable because Plaintiff claims the surgeon general states there are no safe levels of ETS.  See Plaintiff's Countermotion and Opposition at page 14.  However, *Helling* is the standard and Plaintiff's claims fail.  Although, Plaintiff's Amended Complaint fails to assert any medical necessity for a smoke-free cell, Plaintiff asserts that he has chronic high blood pressure.  However, the medical records submitted do not support Plaintiff's self diagnosis for a smoke-free cell.

While a prisoner may have a clearly established right to be free from unreasonably high levels of environmental tobacco smoke after *Helling,* a caseworker/warden may be unaware that a prisoner's current exposure amounts to this unreasonably high level. Therefore, qualified immunity is available to defendants because Plaintiff's exposure to ETS was not to a degree that would have lead a reasonable official to conclude that a person's rights were violated, and therefore, Defendants are entitled to qualified immunity.

**IV.    Defendants Did Not Violate Plaintiff's Constitutional Rights Pertaining To Conditions Of Confinement.**

Plaintiff's Contermotion and Opposition assert that his allegations challenging his conditions of confinement are adequately pled.  However, the allegations pled do not amount to a violation of Plaintiff's constitutional rights.  Plaintiff's alleges he was forced to sleep on the floor and that he was unable to sleep because of noise for a 3, 4 or 5 day period of time (Plaintiff's Countermotion and Opposition provide conflicting time periods, none of which rise to the level of a constitutional claim).  As noted in the Motion to Dismiss (CD#51), officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Rhodes v. Chapman,* 452 U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir.2000). "The circumstances, nature, and duration of a deprivation of necessities must be considered in

determining whether a constitutional violation has occurred."  *Hearns v. Terhune,* 413 F.3d 1036, 1042 (9th Cir.2005) (quoting *Johnson,* 217 F.3d at 731).

To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir.1994); *see Estate of Ford v. Ramirez-Palmer,* 301 F.3d 1043, 1049-50 (9th Cir.2002). A plaintiff must also allege facts that the official acted with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate indifference", the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A plaintiff must also allege how he was injured by the alleged unconstitutional conditions. *See, e.g., Lewis v. Casey,* 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm).

Plaintiff's Countermotion and Opposition fails to set forth any admissible evidence to support that he was exposed to a substantial risk of harm to his health or safety. Moreover, Plaintiff's Countermotion and Opposition does not identify how Plaintiff was harmed as a result of the alleged conditions. Plaintiff's Countermotion and Opposition asserts that Plaintiff was unable to sleep. See Countermotion and Opposition (CD#55) at pages 21. To the extent that Plaintiff was unable to sleep, such an allegation is admittedly moot. See section I above. However, Plaintiff's medical records (submitted with his Countermotion and Opposition (CD#55) at page 57) make it clear that Plaintiff has problems sleeping for various reasons as opposed to his conditions of confinement. As Plaintiff's claims do not rise to the level of deprivation of a constitutional claim, Defendant's Motion to Dismiss should be granted.

**V.   Defendants Were Not Deliberately Indifferent To Plaintiff's Medical Needs.**

Plaintiff has not provided this Court with any admissible evidence to counter Defendants' Motion to Dismiss. Plaintiff again sets for speculative claims of needed testing. Plaintiff has been subsequently tested regarding his hepatitis c status and the tests indicate there is no immediate medical need for treatment. Plaintiff is admittedly asymptomatic. There

is no need for any invasive treatment, only monitoring at this stage.   Plaintiff's own words highlight the deficiency with his claims "Macarthur's response to the Plaintiff's serious medical needs could have resulted in further significant injury….." See Plaintiff's Countermotion and Opposition (CD#55) at Page 23.  Plaintiff's speculative claims are deficient because he is without a "significant injury".  The simple facts that remain are that Plaintiff is asymptomatic and has no immediate medical need for treatment.  Plaintiff has been tested, and the results do not indicate that he needs any immediate treatment. (*See* Exhibit A Affidavit of Karen Walsh p. 4 10/4/06 entry, lab test 1/29/07 test and medical records 010, 106,106 submitted with Motion to Dismiss (CD#51))  As such, Defendants' Motion to Dismiss should be granted

**VI.   Plaintiff's Medical Negligence Claim Must Be Dismissed As It Is Not Supported By An Affidavit.**

Plaintiff's Countermotion and Opposition asserts that no affidavit is required for a professional negligence claim.  Plaintiff's asserts that by the plain language of the statute, affidavits are only required for medical malpractice claims.

Plaintiff attempts to circumvent the need for a doctor's affidavit for his complaint by stating that his action is for professional negligence and not medical malpractice.  However, NRS 41A.071 mandates Plaintiff provide an affidavit of a doctor for his claims and on that basis his claims for professional malpractice should be dismissed.

Assuming arguendo that affidavits are only required in medical malpractice actions, the analysis in *Szydel v. Markman*, 117 P.3d 200. 121 Nev. 453 (2005) is helpful.  Although, the statues are unambiguous, reading NRS 41A.071 (affidavit required for medical malpractice actions), NRS 41A.015 (defining professional negligence) and NRS 41A.009 (defining medical malpractice) together there is an ambiguity, which if Plaintiff is correct, leads to an absurd conclusion.  This reading leads to an absurd result that means all claimant's would need to do to circumvent the affidavit requirement would be to bring claims for professional negligence. As the court noted in *Szydel v. Markman*, 117 P.3d 200, 121 Nev. 453, the primary goal of the affidavit requirement is to deter frivolous litigation and identify meritless malpractice lawsuits at an early stage.  *See Szydel* at 204 and 459.

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

*Szydel* analyzed *Palanque v. Lambert-Woolley,* 168 N.J. 398, 774 A.2d 501 (2001) recognizing a common knowledge exception to the need for an affidavit. See *Id.* the exception simply stated is that "…jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts…" See *Id*. *Szydel* recognized that requiring an affidavit of merit in certain cases is not necessary to achieve the primary goal of the statute, that is, to weed out meritless malpractice lawsuits at an early stage and to prevent frivolous litigation. See *Id*. Indeed, recognition of the common knowledge exception allows meritorious claims to move forward without the added, and in those cases unnecessary, cost of hiring an expert to execute an affidavit when that expert will not testify at trial." See *Szydel* at 204, 459.

Here, plaintiff's allegations stem from his belief other tests must be performed and that he needs treatment. Plaintiff is not alleging hepatitis c is the injury, rather, that he needs more testing and treatment. Clearly a jurors common knowledge is insufficient to establish whether: (1) hepatitis c testing is appropriate; (2) necessary: and (3) if treatment is necessary (and what type and when treatment is necessary). Here, the need for an affidavit is paramount and the claims for medical malpractice or professional negligence should be dismissed.

**VII. All Claims Against The Defendants Should Be Dismissed As They Are Entitled To Qualified Immunity From Suit In This Matter.**

Plaintiff's Countermotion and Opposition fails to overcome the mandates of the Qualified Immunity shield. Government officials under Qualified Immuity are shielded from civil damages unless their conduct violates "clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When determining whether or not a state official is entitled to the protections of qualified immunity, a court must perform a two step analysis. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The court must first inquire as to whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. *Id.* If, and only if, a violation can be made out does a court need to

1 perform the second step of the analysis, which is to determine whether or not that
2 constitutional right was clearly established at the time of the incident at issue in the action. *Id*.

3    Plaintiff has provided no facts that could establish that the Defendants, would have
4 reasonably known that his or her actions violated the Plaintiff's constitutional rights.  Here,
5 Plaintiffs smoking complaints, lack of sleep and hepatitis c diagnosis claims are not clearly
6 established statutory or constitutional rights which a reasonable person would have known.
7 Therefore, the Defendants are entitled to qualified immunity, and all claims against them
8 should be dismissed.

## VIII. Motion to Strike Unauthenticated Documents

To the extent Plaintiff attaches unauthenticated documents and documents without proper foundation, the Defendants object to any such consideration by the Court and moves that the Court strike such documents from the record including pages 45 thru and including 55 and 58 thru 69 of Plaintiff's Countermotion and Opposition (CD#55).  Clearly, Plaintiff has no personal knowledge of the documents as he is not the author of any of the documents asserted as support for his Countermotion and Opposition (CD#55).  Moreover, the documents at are not relevant to the case at hand and are prejudicial to the Defendants.

## IX. Conclusion

Based on the above, the Court should grant the Defendants' Motion in its entirety.

Dated this 17<u>th</u> day of March, 2008.

                    CATHERINE CORTEZ MASTO
                    Nevada Attorney General


              By: /s/ Martin I. Melendrez
                    MARTIN I. MELENDREZ
                    Deputy Attorney General
                    Public Safety Division

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

## CERTIFICATE OF SERVICE

I, Sharlene Marschall, hereby certify that I am an employee of the Office of the Attorney General and that on the 17th day of March, 2008, I served the foregoing **Opposition to Plaintiff's Countermotion to Stay Summary Judgment and Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and Defendants' Motion to Strike Plaintiff's Exhibits** by causing a true and correct copy thereof to be filed with the Clerk of the Court using the CM/ECF system and by causing a true and correct copy thereof to be delivered to the Department of General Services, for mailing at Las Vegas, Nevada, addressed to the following:

CHRISTOPHER A. JONES, #50600
ELY STATE PRSION
P. O. BOX 1989
ELY, NV  89301
Plaintiff Pro Se

                                      /s/ Sharlene Marschall
                                      An employee of the Office of the Attorney General

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101