1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

CHRISTOPHER A. JONES,

9                 Plaintiff,

10  v.

11  DWIGHT NEVEN, et al.,

12                 Defendant.

13

2:07-CV-1088 JCM (GWF)

Date:          N/A
Time:          N/A

14                                 **ORDER**

15          Presently before the court is the defendants' motion to dismiss (Doc. # 51) filed on

16  February 8, 2008.  The plaintiff filed a pro se opposition to the motion to dismiss, and a counter-

17  motion to stay summary judgment (Doc. # 55) on February 29, 2008.  Defendants filed a reply and

18  opposition to the counter-motion on March 17, 2008 and filed a motion to strike (Doc. # 60) the

19  plaintiff's exhibits on March 18, 2007.   Plaintiff filed a reply (Doc. # 61) in support of the counter

20  motion to stay and a response (Doc. # 62) to the defendants' motion to strike on March 27, 2008.

21  The defendants filed a reply in support of the motion to strike on April 11, 2008.

22

23                                 BACKGROUND

24          The plaintiff alleges that the state defendants violated his civil rights under the Eighth and

25  Fourteenth Amendment of the United States Constitution.  Specifically, he alleges that

26  defendants violated his rights by exposing him to unreasonable levels of environmental tobacco

27  smoke ("ETS").  According to plaintiff, in January 2006, contrary to his medical designation as a

28

**James C. Mahan**
**U.S. District Judge**

1   non-smoker, defendants assigned plaintiff, an inmate at High Desert State Prison, a cell-mate

2   who was smoker.  (*See* Doc. # 14, at 5-21).  Additionally, the plaintiff alleges that in April 2006,

3   on two separate occasions, defendants moved him to different cells and paired with cell-mates

4   who were also smokers.

5       Plaintiff also alleges that defendants violated his Eighth and Fourteenth Amendment

6   rights when he was forced to sleep on the floor of a segregation cell after a dispute.  (*See id.*)

7   During the four days that he was confined under these conditions, he alleges that the lights were

8   turned on for twenty-four hours a day.  (*See id.*).

9       Lastly, plaintiff asserts a claim under 42 U.S.C. § 1983, alleging defendants violated his

10  Eighth Amendment rights when prison medical personnel failed to inform him that he had

11  hepatitis C. (*See id.* at 25-28).  Plaintiff claims that defendant MacArthur denied him treatment

12  for hepatitis C and alleges medical malpractice under Nev. Rev. Stat. § 41A.015.  (*See id.* at 29).

13      The defendants' motion to dismiss (Doc. # 51) and reply (Doc. # 57) assert grounds to

14  dismiss each of these allegations.  First, the defendants argue that their status as state employees

15  entitles them to qualified immunity.  (*See* Doc #51 at 4).  Second, defendants argue that there is

16  no documented medical reason requiring plaintiff to be housed in a non-smoking cell. (*See id.* at

17  8–10).  Defendants also note that since January 1, 2007, per newly enacted Nevada Revised

18  Statutes, smoking is no longer permitted in prison cells and all Nevada Department of

19  Corrections facilities.  (*See* Doc. # 51 at 7; Nev. Rev. Stat. § 2491 and § 209.131; NDOC Admin.

20  Reg. 115).

21      Third, in response to plaintiff's allegations about the conditions of confinement,

22  defendants argue that the plaintiff failed to allege facts that the alleged conditions exposed

23  plaintiff to a substantial risk of harm or that the named defendants acted with deliberate

24  indifference to inmate health or safety.

25      Fourth, defendants argue that they were not deliberately indifferent to plaintiff's medical

26  needs because the hepatitis C condition is being monitored and tests indicate that he is

27  asymptomatic.  Defendants respond to the medical malpractice claim by noting that the plaintiff

28

James C. Mahan
U.S. District Judge

- 2 -

1  failed to file an affidavit by a medical expert who practices in an area similar to the area where

2  the alleged malpractice occurred.

3        Additionally, plaintiff's counter-motion argues that the defendants' motion for summary

4  judgment should be stayed because he did not have the opportunity to examine the attached

5  exhibits.  Defendants oppose the counter-motion by arguing that under NDOC Administrative

6  Regulation 639, prison inmates are not permitted to have a copy of their medical records.  (*See*

7  Doc. # 60 at 2:21-22).

8        Lastly, defendants' motion to strike plaintiff's exhibits argues that the affidavits

9  submitted in support of plaintiff's opposition are inadmissible hearsay because the plaintiff has

10  no personal knowledge of the documents. (*See* Doc. # 60 at 8:9).

11

12                                    ANALYSIS

13        Under Fed. R. Civ. P. 12(b)(6), when considering a motion to dismiss for failure to state a

14  claim upon which relief can be granted, the court construes allegations made in the complaint as

15  true and in a light most favorable to the non-moving party.  *Russell v. Landrieu,* 621 F.2d 1037

16  (9th Cir. 1980).  Although courts have an obligation to construe pro se pleadings liberally, "[p]ro

17  se litigants must follow the same rules of procedure that govern other litigants." *King v. Attiyeh,*

18  814 F.2d 565, 567 (9th Cir. 1987).

19        Additionally, under Fed. R. Civ. P. 12(b)(6), where a motion to dismiss includes facts

20  outside of the pleadings, the court may treat that filing as a Fed. R. Civ. P. 56 motion for

21  summary judgment.

22

23  I.     **THE COURT MUST GRANT DEFENDANTS SUMMARY JUDGMENT**
         **BECAUSE THE PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE NOT**
24       **VIOLATED.**

25        Under Fed. R. Civ. P. 12(b)(6), if a motion to dismiss presents matters outside of the

26  pleadings, the court will treat the motion as one for summary judgment.  According to Fed. R.

27  Civ. P. 56(c), the moving party is entitled to judgment as a matter of law where, viewing the

28

**James C. Mahan**
**U.S. District Judge**

1    evidence and inferences in favor of the non-moving party, there are no issues of material fact in
2    dispute. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996).
3            The moving party bears the burden of informing the court of the basis for its motion,
4    together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*
5    *Corp.v. Catrett,* 477 U.S. 317, 323 (1986).  In a motion for summary judgment, when the moving
6    party has met its burden, the opposing party may not rest on mere allegations or denials, but must
7    set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,*
8    *Inc.,* 477 U.S. 242, 248 (1986).

9        **A.    Defendants Did Not Violate the Plaintiff's Constitutional Rights By Not
              Assigning Him to a Smoke-free Cell.**

10           The plaintiff claims that his rights under the Eighth and Fourteenth Amendment of the
11    United States Constitution were violated by exposure to unreasonable levels of tobacco smoke.
12    The plaintiff also claims that medically he must be assigned to a non-smoking cell with a non-
13    smoking cell-mate.

14           Pursuant to recently enacted provisions of the Nevada Revised Statutes and the Nevada
15    Clean Indoor Air Act, the Nevada Department of Corrections (NDOC) instituted Administrative
16    Regulation 115 that prohibits smoking within the NDOC, including inmate cells.  *(See* Nev. Rev.
17    Stat. § 202.2491; Nev. Rev. Stat. § 209.131; Doc. # 51, Exh. A).  This court finds that the
18    plaintiff's claim regarding his assignment to a smoking cell and cell-mate is now moot.

19           According to the Supreme Court, under the Eighth Amendment, a plaintiff states a cause
20    of action by alleging that the defendants have, "with deliberate indifference, exposed him to
21    levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his
22    health." *Helling v. McKinney,* 509 U.S. 25, 35 (1993).  As part of its objective analysis, a court
23    must conduct a scientific inquiry as well as "assess whether society considers the risk that the
24    prisoner complains of to be so grave that it violates contemporary standards of decency to expose
25    *anyone* unwillingly to such a risk." *Id.* at 36.

26           Unlike in *Helling,* where the prisoner's cell-mate smoked five packs of cigarettes per day,
27    the plaintiff's complaint does not allege unreasonably high levels of smoke that would violate
28

James C. Mahan
U.S. District Judge

- 4 -

societal standards of decency regarding such exposure.  (*See* Doc. # 14).  Additionally, the plaintiff's amended complaint indicates that the defendants responded to the plaintiff's grievances by checking his medical records and finding no classification or medical reason requiring a smoke-free cell.  (*See generally* Doc. # 41, Exh. A).  After reviewing the evidence in the record, the court finds that apart from a housing classification requiring a bottom bunk to accommodate a back injury, there is no medical designation for a smoke-free cell.  (*See id.*)  Therefore, defendants did not violate the plaintiff's constitutional rights by not assigning him to a smoke-free cell.

      **B**.    **Defendants Were Not Deliberately Indifferent to the Plaintiff's Confinement Conditions.**

Prison officials have a duty to provide prisoners with adequate shelter, food, clothing, sanitation, medical care, and personal safety.  *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981).  To hold a prison official constitutionally liable, the alleged deprivation must be "sufficiently serious" and result in the denial of "minimal civilized measure of life's necessities." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *Rhodes,* 452 U.S. at 347.   Additionally, a plaintiff must allege facts that the prison official acted with deliberate indifference.  *Farmer,* 511 U.S. at 837.  The Supreme Court defines deliberate indifference as where an official is "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The court finds that the plaintiff failed to identify the harm that resulted from the alleged conditions and the facts from which the prison official could infer that there was a substantial risk of harm to the prisoner's health or safety.  Although the plaintiff alleges that his sleeplessness resulted from the conditions of confinement, the medical records note sleeplessness as a recurring problem for other reasons. Under these circumstances, the court finds that the alleged conditions of confinement and alleged harm do not rise to the level of a constitutional claim.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1

**C.     Defendants Were Not Deliberately Indifferent to Plaintiff's Medical Needs.**

2     According to the Supreme Court, deliberate indifference to a prisoner's medical needs

3 "constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth

4 Amendment" and is a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble,* 429 U.S. 97,

5 104 (1976). When alleging such a violation, the plaintiff "must allege acts or omissions

6 sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

7 Furthermore, in the Ninth Circuit, the test for deliberate indifference is: 1) that the indifference

8 could result in further significant injury and 2) that there was a purposeful act or failure to

9 respond to prisoner's pain or medical need which resulted in harm. *Jett v. Penner,* 439  F.3d

10 1091, 1096 (9th Cir. 2006).

11     Here, the plaintiff alleges that his hepatitis C condition requires additional medical testing

12 and treatment.  However, medical records note that subsequent follow-up indicated that there was

13 no need for treatment as long as the plaintiff remains asymptomatic. Although the plaintiff

14 alleges that prison medical personnel failed to disclose medical information to him, the evidence

15 indicates that the plaintiff never inquired about the laboratory test results, even though, at the

16 time, he was communicating with medical personnel in preparation for back surgery.  The

17 plaintiff has not fulfilled the two-part test required as proof of deliberate indifference.  Therefore,

18 the court finds that the prisoner received adequate medical care in the form of testing, follow-up

19 testing, and continued monitoring and that these acts do not constitute an Eighth Amendment

20 constitutional violation.

21

22 **II.     PLAINTIFF'S CLAIM FOR MEDICAL NEGLIGENCE IS DISMISSED
      WITHOUT PREJUDICE.**

23

24     Under Nev. Rev. Stat. § 41A.071, an action for medical malpractice must be

25 accompanied by an affidavit "submitted by a medical expert who practices or has practiced in an

26 area that is substantially similar to the type of practice engaged in at the time of the alleged

27 malpractice."  According to the Nevada Supreme Court, the primary goal of requiring an

28

**James C. Mahan
U.S. District Judge**

1    affidavit is to "deter frivolous litigation and identify meritless malpractice lawsuits at an early

2    stage." *Syzdel v. Markman,* 117 P.3d 200, 204 (2005).

3        Here, the defendant alleges a claim under Nev. Rev. Stat. § 41A.015  for "professional

4    negligence" against the defendant Dr. MacArthur and argues that it is distinct from a medical

5    malpractice claim as listed in Nev. Rev. Stat. § 41A.071.  The Nevada Revised Statutes define

6    medical malpractice as "the failure of a physician, hospital, employee of the hospital in rendering

7    services, to use the reasonable care, skill, or knowledge ordinarily used in similar

8    circumstances." *See* Nev. Rev. Stat. § 41A.009.  Reading together the statutes on professional

9    negligence and medical malpractice, both of which fall under the chapter "Action for Medical or

10   Dental Malpractice," the court holds that it would be inconsistent not to apply the affidavit

11   requirement to the present claim.  To hold otherwise would create a means to circumvent Nev.

12   Rev. Stat. § 41A.071 by artful pleading.  This court finds that the plaintiff failed to submit the

13   required affidavit of a medical expert supporting the allegations.

14       Plaintiff's claim for professional negligence against Defendant Dr. MacArthur is hereby

15   dismissed, without prejudice.

16

17   **III.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

18       According to the Supreme Court, government officials performing discretionary functions

19   are shielded under qualified immunity "from liability for civil damages insofar as their conduct

20   does not violate clearly established statutory or constitutional rights which a reasonable person

21   would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  To determine whether a

22   state official's actions fall under qualified immunity, a court must inquire whether 1) the alleged

23   facts, viewed in a light favorable to the plaintiff, demonstrate that the defendant violated a

24   constitutional right, and 2) if that constitutional right was clearly established at the time of the

25   alleged incident.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

26       Here, even if the court were to conclude that plaintiff's constitutional claims were

27   cognizable, defendants would still prevail on the basis of qualified immunity.  The facts set forth

28

**James C. Mahan**
**U.S. District Judge**

in support of the plaintiff's constitutional claims do not rise to the level of clearly established constitutional rights violations which a reasonable person would have known.  Therefore, the court holds that, assuming *in arguendo* the plaintiff has demonstrated violations of constitutional rights, the defendants are entitled to qualified immunity.

**IV.    PLAINTIFF'S COUNTERMOTION TO STAY DEFENDANTS' MOTION TO DISMISS IS DENIED AND THE DEFENDANTS' MOTION TO STRIKE IS GRANTED.**

Under *Tatum v. City of San Francisco* and Fed. R. Civ. P. 56(f), a party may move for a stay of the motion for summary judgment ruling by providing an affidavit including: 1) a description of the specific discovery that the movant seeks, 2) an explanation of how that discovery will preclude the entry of summary judgment, and 3) a statement justifying why the discovery has not and could not take place earlier. 441 F.3d 1090, 1100 (9th Cir. 2006). Additionally, the party seeking additional discovery bears the burden of demonstrating that the evidence exists.  *Terrell v. Brewer,* 935 F.2d 1015, 1018 (9th Cir. 1991).

Here, the court finds that the affidavit accompanying the plaintiff's counter-motion is inadmissible because he lacks the requisite personal knowledge as an author or custodian of the records.  Furthermore, the affidavit is insufficient because the plaintiff does not demonstrate that the additional discovery he seeks would ultimately preclude summary judgment.

Under Nevada Department of Correction Administrative Regulation 639, prison inmates may access their medical records under supervision once per calendar year and may request photocopies only upon demonstrating cause.  Although the records indicate that the plaintiff examined his medical records in 2006, prior to filing his complaint, the plaintiff fails to provide the court with discoverable facts that are in the medical records.

Therefore, plaintiff's counter-motion to stay motion to dismiss or conversion to summary judgment is hereby denied.

Defendants' motion to strike unauthenticated documents is hereby granted.

James C. Mahan
U.S. District Judge

1

## CONCLUSION

2      UPON CONSIDERATION of the defendants' motions (Doc. ## 51, 60) and the

3  plaintiff's counter-motion (Doc. # 55), and the papers and pleadings on file in this matter,

4      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for

5  summary judgment (Doc. # 51) and motion to strike the plaintiff's exhibits (Doc. # 60) be, and

6  the same hereby are, GRANTED.

7      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's counter-

8  motion to stay summary judgment (Doc. # 55), be and the same hereby is, DENIED.

9      DATED  May 14, 2008.

10

11  _____

12  **UNITED STATES DISTRICT JUDGE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 9 -