1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER A. JONES,

        Plaintiff,

v.

DWIGHT NEVEN, et al.,

        Defendant.

2:07-CV-1088 JCM (GWF)

Date:     N/A
Time:    N/A

# ORDER

Presently before the court is plaintiff Christopher A. Jones' affidavit and motion in support of bias and/or prejudice of judge pursuant to 28 U.S.C. § 144. (Doc. # 95) No opposition to this motion has been filed.

Under 28 U.S.C. § 144 and 455(a) and (b)(1), "[a] judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco*, Inc., 842 F.2d 1034, 1045 (9th Cir. 1987). Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Pesnell v. Arsenault*, 543 F.3d 1044 (9th Cir. 2008); *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). Judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Id.* at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir.1994).

In the present motion, plaintiff alleges that the presiding judge is "prejudice and hostile towards inmate litigation," and that "he rejects [prisoners] from his court." He further asserts that

1  the judge's actions were "calculated," and that he is "partial to the AG's office and the NDOC." To
2  assure that he is no longer subjected to this, plaintiff asks that the case be reassigned to another
3  judge. He attempts to support his allegations with the fact that the Ninth Circuit Court of Appeals
4  filed a memorandum (doc. #90) partially vacating a previous order that the presiding judge had
5  entered (doc. # 83) against him. In the memorandum, the Ninth Circuit held that the plaintiff did not
6  have an "adequate opportunity to obtain and submit rebuttal evidence," and that his rights claimed
7  under the Eighth Amendment were in fact "clearly established."

8       The judge's ruling on a prior proceeding in this case does not support a finding that the judge
9  possesses a "deep-seated favoritism" or personal bias against the plaintiff, and does not rise to a level
10 that would be sufficient to warrant recusal or reassignment. Without such a finding, this court is not
11 inclined to grant the motion to reassign the case.

12      Accordingly,

13      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff's motion to
14 reassign the case (doc. # 95) be, and the same hereby is, DENIED.

15      DATED this 17th day of November, 2010.

_____
**UNITED STATES DISTRICT JUDGE**