# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DWIGHT NEVEN, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:07-cv-01088-JCM-GWF<br><br>**ORDER**<br><br>Motion to Depose Incarcerated Person (#112) |

This matter is before the Court on Plaintiff Christopher A. Jones' Motion To Depose an Incarcerated Person and Motion for an Order (#112), filed January 27, 2011; Defendants' Response to Plaintiff's Motion to Depose Incarcerated Inmate (#117), filed February 15, 2011; and Plaintiff's Request to Submit Motions for the Court's Consideration (#118), filed February 22, 2011.

Pursuant to Fed.R.Civ.P. 30(a)(2), a party must obtain leave of court, which shall be granted to the extent consistent with the principles in Fed.R.Civ.P. 26(b)(2), if the person to be examined is confined in prison. Plaintiff seeks the Court's leave to depose James K. Wardell, who is currently incarcerated at High Desert State Prison ("HDSP") according to Plaintiff. (#112). Plaintiff also requests that the Court order that Mr. Wardell not be transferred from HDSP and instruct that the deposition should occur in visiting holding room F at HDSP. (*Id.*) Defendants do not oppose the taking of Mr. Wardell's deposition but oppose Plaintiff's attempt to dictate the location of the deposition and the deponent. (#117). Upon review and consideration, the Court will grant Plaintiff leave to take the deposition of Mr. Wardell.

. . .

. . .

. . .

1        The Court will not, however, order HDSP to hold Mr. Wardell at HDSP or mandate that the deposition take place in a certain room at HDSP.  Plaintiff should make arrangements with prison officials to determine a date and place in the near future when the deposition may take place.  In the event that Plaintiff and Mr. Wardell are not incarcerated in the same prison, the deposition may take place via telephone conference.

       The Court also notifies Plaintiff that he is responsible for any costs and fees incurred in taking the deposition.  Under Fed.R.Civ.P. 30(b)(3), Plaintiff is responsible for arranging to have the depositions recorded by audio, audiovisual or stenographic (court reporter) means and shall bear the recording costs.  Accordingly,

       **IT IS HEREBY ORDERED** that Plaintiff Christopher A. Jones' Motion To Depose an Incarcerated Person and Motion for an Order (#112) is **granted**.  Plaintiff shall make arrangements with prison officials to determine a date and time in the near future when the deposition may take place.

       **IT IS FURTHER ORDERED** that, in the event that Plaintiff and Mr. Wardell are not housed in the same prison, the deposition may be taken telephonically.

       DATED this 28th day of February, 2011.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**