1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                               **DISTRICT OF NEVADA**

6

7    CHRISTOPHER A. JONES,                    )
                                              )
8                          Plaintiff,         )      Case No. 2:07-cv-01088-JCM-GWF
                                              )
9    vs.                                      )      **ORDER**
                                              )
10   DWIGHT NEVEN, *et al*.,                  )      Motion to Extend (#167)
                                              )
11                         Defendants.        )
     _____)

12

13          This matter is before the Court on Plaintiff Christopher A. Jones' Motion to File a Late

14   Reply (#167), filed May 25, 2011.

15                                      **BACKGROUND**

16          Plaintiff filed a motion for sanctions on April 18, 2011.  (#146).  On May 9, 2011,

17   Defendant MacArthur filed his response to the motion for sanctions.  (#158).  Sixteen days later,

18   Plaintiff filed the present request for leave to file his reply to Defendant's opposition to the

19   motion for sanctions.  (#167).  Under the Local Rules, a party has seven (7) days to file a reply

20   after an opposition is filed to a motion and Plaintiff's deadline to respond expired on May 19,

21   2011.[1]

22          Plaintiff argues that his untimeliness in filing a reply to Defendant's opposition is due to

23   procedural issues at Ely State Prison, which prevented him from filing the reply until after the

24   established deadline.

25   . . .

26   . . .

27   _____

28          [1] While the deadline to file a reply under the Local Rules is seven (7) days, a replying
     party is accorded an additional three (3) days to respond by Fed.R.Civ.P. 6(d).  Therefore, the
     total time to respond to a motion in the District of Nevada amounts to ten (10) days.

**DISCUSSION**

Pursuant to Fed.R.Civ.P. 6(b) and LR 6, a motion for an extension of time filed after the expiration of the specified period shall not be granted unless the moving party demonstrates good cause for an extension and that the failure to act prior to the deadline was the result of excusable neglect. Based on procedural issues at Ely State Prison that delayed Plaintiff's filing of the reply, the Court finds that there is good cause to extend Plaintiff's deadline to file his reply to Defendant's opposition to the motion for sanctions.

In addition, the Court finds that Plaintiff has demonstrated that the failure to act prior to the deadline is due to excusable neglect. In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1993), the U.S. Supreme Court created a four-part test for determining whether a late filing is a result of excusable neglect.[2] Thus, in determining whether Plaintiff's delay is excusable here, the court looks to the following factors: (1) the danger of prejudice to Defendant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of Plaintiff; and (4) whether Plaintiff's conduct was in good faith. See *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395). In considering these factors, the Court finds that Plaintiff has demonstrated excusable neglect led to the late filing of his reply and the Court will grant the extension.

As a result, the Court finds that Plaintiff's reply to Defendant's opposition to the motion for sanctions attached to the present motion (#167 at 2-50) is timely. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Christopher A. Jones' Motion to File a Late Reply (#167) is **granted**.

. . .

. . .

---

[2] Although the Court in *Pioneer* considered the meaning of "excusable neglect" under Federal Rule of Bankruptcy Procedure 905(b)(1), the Court also reviewed the various contexts in which the federal rules of procedure use the term and indicated that the same test applies in all contexts. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir.2004).

1       **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Reply to

2 Defendant's Response to the Motion for Sanctions (#167 at 2-50).

3       DATED this 26th day of May, 2011.

4

5                                           _____

6                                     **GEORGE FOLEY, JR.**
                                    **United States Magistrate Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28