1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| 7 | CHRISTOPHER A. JONES, ) | Case No. 2:07-cv-01088-JCM-GWF |
| 8 | Plaintiff, ) | **ORDER** |
| 9 | vs. ) | Motion to Show Cause (#136); Motion to Reconsider (#138); Motion for |
| 10 | DWIGHT NEVEN, *et al.*, ) | Sanctions (#146); Motion to Deem Answers Admitted (#153); Motion to |
| 11 | Defendants. ) | Compel (#163); Motion to Compel Appearance (#169) |

12

13      This matter is before the Court on Plaintiff's Motion to Show Cause (#136), filed March 30,

14  2011; Defendants' Motion for Reconsideration of Court Order #135 (#138), filed April 1, 2011;

15  Plaintiff's Opposition to Defendants' Motion for Reconsideration of Court Order #135 (#140), filed

16  April 7, 2011; Defendants' Reply to Opposition to Reconsideration of Court Order #135 (#143), filed

17  April 18, 2011; Plaintiff's Motion for Sanctions (#146), filed April 18, 2011; Plaintiff's Motion to

18  Determine the Sufficiency of Denials and Answers and/or Deem Admissions Admitted (#153), filed

19  April 27, 2011; Plaintiff's Supplemental Motion for Sanctions (#154), filed April 28, 2011; Defendant

20  Steven MacArthur's Response to Motion for Sanctions (#158), filed May 9, 2011; Defendant's

21  Amendment to Response to Motion for Sanctions (#159), filed May 9, 2011; Defendant's Response to

22  Supplement to Motion for Sanctions (#160), filed May 13, 2011; Plaintiff's Motion to Compel (Third

23  Request) (#163), filed May 18, 2011; Defendants' Response to Motion to Determine the Sufficiency of

24  Denials and Answers and/or Deem Admissions Admitted (#164), filed May 23, 2011; Plaintiff's

25  Emergency Motion to Require the Presence of Marc A. Fox (#169), filed May 25, 2011;  Plaintiff's

26  Reply to the Defendant's Response to Motion for Sanctions (#172), filed May 27, 2011.

27  . . .

28  . . .

The Court conducted a hearing on these matters on May 26, 2011 and issued a ruling from the bench. The present order is offered in order to clarify the specific rulings made by the Court at the hearing.

**IT IS ORDERED** that Plaintiff's Motion to Show Cause (#136) is **denied** with the following understanding:

    1.    Defendant MacArthur's responses to Plaintiff's interrogatories are being finalized and will be served upon Plaintiff on or before **June 10, 2011**; and

    2.    Defense counsel will review MacArthur's responses to Plaintiff's requests for admissions as discussed during the May 26, 2011 hearing and will revise or supplement the responses as necessary.

**IT IS FURTHER ORDERED** that Defendants' Motion for Reconsideration of Court Order #135 (#138) is **denied**. Plaintiff may keep the medical records at issue (#175) in his prison cell.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (#146) is **denied** as follows:

    1.    Defendant MacArthur is not required to respond further to Plaintiff's request for production no. 7 because the information sought is not relevant to Plaintiff's claims;

    2.    Defendant MacArthur need not respond further to request for production no. 8, but Defendant has offered to allow Plaintiff to review the redacted medical record transcriptions/translations under supervised conditions;

    3.    With regard to requests for production nos. 12, 14, 26 and 27, Defendant need not respond further with the understanding that defense counsel will provide Plaintiff with any records responsive to requests for production nos. 26 and 27 that are contained in NDOC files related to MacArthur's employment.

    4.    MacArthur's responses to Plaintiff's interrogatories will be served upon Plaintiff on or before June 10, 2011; and

    5.    Defense counsel will review MacArthur's responses to Plaintiff's requests for admissions as discussed during the May 26, 2011 hearing and will revise or supplement the responses as necessary.

2

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Determine the Sufficiency of Denials and Answers and/or Deem Admissions Admitted (#153) is **denied without prejudice** because Plaintiff does not identify specific deficiencies in Defendants' responses to his requests for admissions.  The Court denies the motion with the following instruction:

1. The parties shall meet and confer to attempt to resolve the outstanding issues in a reasonable and cooperative fashion.  The defendants shall further review their responses to requests for admissions and thereafter meet with Plaintiff to discuss any outstanding issues.  If, after the parties have met and conferred, Plaintiff believes outstanding issues remain he may file a motion to compel or motion to deem requests for admission admitted.  Such motion should address specific discovery requests and demonstrate to the Court why the responses are insufficient;

2. By **June 15, 2011**,  Plaintiff shall file a Statement of Additional Discovery Requested with the Court.  Defendants' Response or Statement of Additional Discovery Requested shall be filed within **3 business days** of receipt of Plaintiff's Statement; and

3. The Court will extend the discovery period based on its determination of the discovery that reasonably needs to be conducted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (#163) is **denied without prejudice** in light of the Court's decisions discussed above.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion to Require the Presence of Marc A. Fox (#169) is **denied** as moot.

DATED this 31st day of May, 2011.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**