```
 1
 2
 3
 4
 5              UNITED STATES DISTRICT COURT
 6                   DISTRICT OF NEVADA
 7
 8  CHRISTOPHER A. JONES,            )
                                     )
 9                  Plaintiff,       )   Case No. 2:07-cv-01088-JCM-GWF
                                     )
10  vs.                              )   ORDER
                                     )
11  DWIGHT NEVEN, et al.,            )   Motion for Sanctions (#188)
                                     )   Motion to Determine Sufficiency (#189)
12                  Defendants.      )   Motion to Shorten Time (#191)
                                     )
13  _____
```

14       This matter comes before the Court on Plaintiff's Motion for Sanctions (#188), filed on July 14, 2011, and Defendants' Opposition to Motion for Sanctions (#202), filed on August 5, 2011; Plaintiff's Renewed Motion to Determine Sufficiency of Answers or Deem Requests for Admissions Admitted (#189), filed on July 14, 2011, and Defendants' Opposition to Motion to Determine Sufficiency of Answers (#200), filed on July 29, 2011; and Plaintiff's Statement of Additional Discovery Requested and Motion to Shorten Time (#191), filed on July 14, 2011, and Defendants' Response to Statement Requesting Additional Discovery (#196), filed on July 19, 2011.

### DISCUSSION

**I.     Motion for Sanctions (#188)**

Plaintiff requests the Court sanction the Defendant Neven for his willful disobedience of the Court's Order (#147) entered on April 20, 2011. Plaintiff claims that Defendant Neven willfully failed to provide a response to Interrogatory #2.[1] Plaintiff requests sanctions in the form of an order precluding and prohibiting all Defendants from introducing or using any evidence not already disclosed through discovery. In opposition to Plaintiff's motion, Defendant Neven claims that his failure to

---

[1] Interrogatory No. 2 states: Identify the HDSP Housing Coordinator during Jan. 1, 06 through Aug. 22, 06. Original Response to Interrogatory No. 2: Do not recall - records not kept.

provide a response to Interrogatory # 2 was excusable neglect and merely an oversight. Defendant Neven further states that he did provide a supplemental response to Plaintiff on August 5, 2011, but acknowledges that he provided the response after the deadline established by the Court.

Federal Courts prefer to decide cases on their merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). The Court does not find that Defendant Neven acted in willful disobedience such that sanctions are warranted. Plaintiff's requested relief is disproportionate to any alleged harm. Plaintiff requests the Court to issue a sanction that would effect all Defendants to this action when only Defendant Neven failed to comply with the Court order. The Court finds Defendant Neven's failure to respond to Interrogatory #2 is excusable neglect with no resulting harm to the Plaintiff. Therefore, sanctions are not appropriate.

**II.    Renewed Motion to Determine Sufficiency of Answers (#189)**

Plaintiff previously filed a Motion to Determine the Sufficiency of Answers (#153) that was denied without prejudice with instructions to the parties to meet and confer over the disputed discovery. On June 10, 2011, the parties held a meet and confer conference which lasted approximately two hours. Despite some progress, at the end of the conference, there were still approximately fifty (50) responses in dispute. Subsequent to the meet and confer, Defendants provided Plaintiff with additional supplemental responses. Plaintiff now brings this renewed motion requesting the Court order several of the responses deemed admitted because of the Defendants' failure to properly respond to Plaintiff's discovery requests.

Plaintiff's Motion and Defendant's Opposition outline each discovery request or interrogatory in dispute. The Court has reviewed each request for admission (RFA) and interrogatory response at issue, and finds the following:

      **A.    Defendant Baca's Response to RFA # 9 and 20-24 and Responses to Interrogatories #19-21.**

The Court finds Defendant Baca's responses to Plaintiff's RFA #9 are sufficient; despite the vagueness objection, Defendant Baca admitted there were no bunks in the cells between May 2, 2006 to May 6, 2006, but mattresses were provided. Further, RFA # 20-24 are improper because they do not ask for facts, application of law to fact or opinions about either. Defendant Baca's responses therefore

are sufficient. Further, the Court finds Baca's responses to interrogatories # 19-21 are sufficient. The Plaintiff continuously uses the term "floor sleeping" without providing the Defendant a definition of the term. Despite the objection for vagueness, Defendant Baca admitted that "inmates would sleep on mattresses on the floor."

**B.     Defendant Graham's Responses to RFA #21.**

The Court finds that Defendant Graham's responses to RFA #21 are sufficient. Defendant Graham admits that Tony L. Green claims to be a nonsmoker in the system.

**C.     Defendant Schlottman's Response to RFA #1-4, 8-10 and 25-29.**

In RFA # 1-4, Plaintiff is asking that Defendant authenticate exhibits attached to the RFA as true and accurate copies or admit to the contents of the exhibits. In response, Defendant Schlottman states that he has no way to determine the authenticity of the attached documents. The Court finds Defendant Schlottman's responses to #1-4 are sufficient as Plaintiff has not provided Defendant Schlottman with the relevant Bates numbered pages of these documents and offered them up as copies of the original documents. *See Biax Corp. v. Nvidia Corp.*, 271 F.R.D. 200, 204 (D. Colo. 2010).

The Court further finds that Defendant's responses to RFA #8-10 are sufficient. Defendant Schlottman denied the requests based on lack of personal knowledge and lack of access to obtain that knowledge. The Court finds that # 25-28 are improper requests, and therefore Defendant's responses are sufficient. The Court finds Defendant's responses to #29 are also sufficient as Defendant denied the RFA and provided a sufficient reason for such.

**D.     Defendant Miller's Responses to RFA #3, 10, 18 and 20.**

The Court finds Defendant Miller's responses to RFA #3 are sufficient as Defendant Miller made a valid objection for vagueness and ambiguity. Defendant Miller's responses to RFA #10 are sufficient; the Defendant claims a lack of personal knowledge to admit or deny. Further, Defendant Miller's responses to RFA # 18 and 20 are sufficient. Plaintiff failed to produce the referenced documents, and asks the Defendant to admit that these documents had a certain effect on him when he originally read them. Defendant denied this request on the grounds that he does not recall the details of the written documents.

. . .

      **E.**    **Defendant Flores' Responses to RFA #5, 7, 8 and 12 and Responses to Interrogatories #5, 13, 15, and 16.**

The Court finds that Defendant Flores' proposed solution regarding RFA #5, 7, 8 and 12 is appropriate. Defendant Flores will provide Plaintiff a disclosure establishing the names and dates of his cell mates from January to August 2006.

The Court finds Defendant Flores' proposed solution in regard to interrogatory #5 is appropriate. Defendant Flores will provide the name of the individual who was in charge of Plaintiff's bed move, if that information is known to the party or could be discovered with reasonable inquiry. Further, the Court finds Defendant's responses to interrogatories #13, 15, and 16 are sufficient as the Defendant provided valid objections to the form and content of these Interrogatories.

      **F.**    **Defendant MacArthur's Responses to RFA # 6, 17, 18, 20-22, 25-27, 29, 31, 32, 35, 36, 38, and 48.**

The Court finds that the Defendant MacArthur's responses to RFA # 6 is sufficient. Notwithstanding the Defendant's vagueness objection, the Defendant offered a response to the question as it would relate to the Plaintiff. Defendant's responses to RFA # 17, 18, 20, 25, 26, 35, 36 and 38 are sufficient as Defendant MacArthur claims he cannot recall the specific information requested. Further, Defendant MacArthur's admission to RFA # 22, despite not having access to the referenced documents, shows his good faith attempt to remember the details of the facts at issue. The Court finds RFA # 27 is improper; the Plaintiff is asking the Defendant to interpret a legal pleading without providing sufficient context. The Court finds Defendant's objection for vagueness is valid in response to RFA # 29.

Further, the Court finds Defendant's responses to RFA # 21 are sufficient. The Defendant fails to properly identify the location of exhibit 39 and failed to attach it. The Court finds Defendant MacArthur's responses and objections to RFA #13 are sufficient. Lastly, the Court finds Defendant's responses to RFA # 32 are sufficient. Defendant MacArthur claims that he does not possess the knowledge necessary to respond, and he does not have to agree with or adopt the attached Center for Disease Control fact sheet put forth by the Plaintiff.

**III.**    **Motion to Shorten Time (#191)**

Plaintiff filed a Motion to Shorten Time (#191) in connection with a Statement of Additional

Discovery Request. Plaintiff's Statement of Additional Discovery was in response to the Court's Order (#176), entered on May 31, 2011. The Court gave Plaintiff until June 15, 2011 to file a Statement of Additional Discovery Requested with the Court.

Plaintiff untimely filed his request on July 14, 2011. Despite the untimeliness of the request, Defendants filed a response (#196) to Plaintiff's request for discovery. Defendants' response outlines their efforts to provide Plaintiff with the requested discovery. Of the five discovery requests made by Plaintiff, Defendants identify only one – a copy of the actual work order for work preformed in October 2007 – that Defendants are currently in a position to provide the Plaintiff. Further, Defendants do not oppose the Plaintiff's Motion to Shorten Time. Therefore, in light of Defendants' non-opposition to Plaintiff's Motion to Shorten Time, the Court grants Plaintiff's Motion to Shorten Time as to Plaintiff's request for the October 2007 work order.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions (#188) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion to Determine Sufficiency of Answers (#189) is **granted**. Plaintiff's alternative Motion to Deem Requests for Admissions Admitted (#189) is **denied.** Defendant Flores shall provide Plaintiff with (1) a disclosure of the names and dates of his cell mates from January to August 2006, and (2) the name of the individual who was in charge of Plaintiff's bed move, if known to the Defendant or discoverable with reasonable inquiry, within **thirty (30)** days from the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Shorten Time (#191) is **granted** as to the copy of the requested work order. Defendant shall have **fifteen (15)** days from the date of this order to provide Plaintiff with a copy of the requested work order.

**DATED** this 30th day of August 2011.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**