# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES, | 2:07-CV-1088 JCM (GWF) |
| Plaintiff, | |
| v. | Date:   N/A<br>Time:   N/A |
| DWIGHT NEVEN, et al., | |
| Defendant. | |

**ORDER**

Presently before the court are *pro se* plaintiff Christopher A. Jones' motion to exclude evidence (doc. #248), first motion to extend time (doc. #249), second motion to extend time (doc. #250), motion for new copies of docket entries, (doc. #250), and third motion to extend time (doc. #260). Defendants James Cox, et. al. filed responses to these motions. (Docs. #254, #255, and #261). Plaintiff filed two replies. (Doc. #258 and #259). Also before the court is plaintiff's motion for leave to file a late reply. (Doc. #272).

Plaintiff filed many of these documents on the same day. Documents #248 and #249 are identical but were filed separately for administrative purposes. (*See* Docs. #248 and #249). Document #248 is a motion to exclude evidence from the court's consideration of defendants' motion for summary judgment. Documents #249 and #250 are both motions to extend time to respond to defendants' motion for summary judgment; plaintiff requests an additional 21 days to

**James C. Mahan**
**U.S. District Judge**

respond after the court rules on the underlying evidentiary motions. In addition to a motion to extend time, document #250 is a motion for the court to order defendants to provide plaintiff with new copies of docket entries. Finally, plaintiff's third motion to extend time (doc. #260) requests a 14 day extension (rather than the previously requested 21 days) after the court rules on the underlying motions to respond to defendants' motion for summary judgment.

**Motion to exclude evidence (Doc. #248)**

Plaintiff's first motion seeks to exclude evidence from the court's consideration of defendants' summary judgment motion. Specifically, plaintiff asserts that several exhibits attached to the motion for summary judgment were not produced during discovery. Thus, plaintiff moves to strike the following exhibits: (1) a report detailing plaintiff's grievance history, (2) Nevada Department of Corrections Administrative Regulation 740, and (3) Nevada Department of Corrections Administrative Regulation 639.

In response, defendants argue that plaintiff's grievance history and the two prison regulations were readily available to plaintiff; he could have obtained copies of the regulations by requesting them from the prison law library. (Doc. #255). Further, defendants assert that plaintiff already possessed all of these documents because he has relied on them in this or other legal proceedings. (Doc. #255).

Pursuant to Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide information as required by Rule 26(a) or (e), "the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or harmless." *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2011).

Assuming, *arguendo*, that defendants' failure to produce these documents was a violation of Rule 26, the court still would not exclude these exhibits because any such failure would be harmless under the facts of this case. *See* FED. R. CIV. P. 37(c)(1). Plaintiff had easy access to the administrative regulations, and has relied on these exact regulations at other stages of this case. (*See* Docs. #130 (citing Nevada Department of Corrections Administrative Regulation 639) and #178, Ex. 1 (citing Nevada Department of Corrections Administrative Regulation 740)). Further, plaintiff

James C. Mahan
U.S. District Judge

1  is aware of his grievance history and has attached many grievance documents to other filings before
2  this court. (*See, e.g.*, Doc. #178, (attaching various grievance documents)).   Finally, the specific
3  grievance history at dispute in this case (doc. #238, ex. G) was not complied until December 7, 2011.
4  Thus, this exhibit did not exist until two days before defendants filed their motion for summary
5  judgment. (*See* Doc. #238). Therefore, the court declines to exclude the requested exhibits because
6  any possible discovery failure with respect to these exhibits is harmless.

7  **Motion for new copies of docket entries (Doc. #250)**

8        On May 27, 2011, United States Magistrate Judge Foley granted plaintiff's motion to unseal
9  his medical records. (Doc. #174). The order stated that it would "file an unsealed copy of the
10  medical records . . . with [p]laintiff's date of birth and social security number redacted. The [c]ourt
11  will also send a copy of the unsealed records to [p]laintiff for [p]laintiff to keep in his cell." (Doc.
12  #174). A copy of the redacted, unsealed medical records was filed on the record that same day.
13  (Doc. #175).

14        Plaintiff alleges that document #175 is not identical to document #52. Thus, plaintiff moves
15  the court to order defendants to clarify the differences between these documents and provide plaintiff
16  with a new copy of document #175.

17        The court declines to issue such an order. Documents #175 and #52 are identical except for
18  the ordered redactions. The top of each page of document #175 bears the document number and
19  page number of document #52 in addition to the document number and page number of document
20  #175.

21        Further, as defendants state, it is irrelevant whether these two documents are identical.
22  Defendants have only cited to document #175 in their motion for summary judgment. Thus, this is
23  the operative document that the court will consider in its motion for summary judgment analysis.

24  **Motions for extension of time (Docs. #249, #250, and #260)**

25        Plaintiff has also filed three motions to extend time to respond to defendants' motion for
26  summary judgment. (Docs. #249, #250, and #260). Two of these motions request an additional 21
27  days (docs. #249 and #250) and one of these motions requests an additional 14 days (doc. #260).
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

As discussed above, the court declines to grant plaintiff's underlying motions, and the content of defendants' motion for summary judgment has not changed. Therefore, while the court will grant plaintiff's motions to extend time, it finds that the normal 14-day response period pursuant to Nevada Local Rule 7-2(b) is more appropriate than plaintiff's requested 21-day extension.

**Motion for leave to file a late reply (Doc. #272)**

Finally, plaintiff moves for leave to file a late reply. (Doc. #272). Effectively, plaintiff wishes to file a late reply to defendants' response to his motion to enlarge time. (Docs. #260 and #262). As discussed above, the court is inclined to grant plaintiff's motion to extend time. (Doc. #260). Therefore, plaintiff's motion to file a late reply is moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Christopher A. Jones' motion to exclude evidence (doc. #248) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for new copies of docket entries and extension of time (doc. #250) be, and the same hereby is, DENIED in part and GRANTED in part. Plaintiff's motion for new copies of docket entries is DENIED. Plaintiff's motion for an extension of time is GRANTED, as clarified below.

IT IS FURTHER ORDERED that plaintiff's remaining motions for extension of time (docs. #249 and #260) be, and the same hereby are, GRANTED. Plaintiff shall file an opposition to defendants' motion for summary judgment within 14 days of the entry of this order.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a late reply (doc. #272) be, and the same hereby is, DENIED as moot.

DATED April 2, 2012.

_____
UNITED STATES DISTRICT JUDGE