# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER A. JONES,

    Plaintiff,

v.

DWIGHT NEVEN, et al.,

    Defendant.

2:07-CV-1088 JCM (GWF)

Date:    N/A
Time:    N/A

### ORDER

Presently before the court is defendants James Cox, et. al.'s motion for summary judgment. (Doc. #238). *Pro se* plaintiff Christopher A. Jones filed an opposition. (Doc. #280). Defendants then filed a reply. (Doc. #287). Also before the court is plaintiff's motion for summary judgment. (Doc. #244). Defendants filed an opposition (doc. #257), to which plaintiff filed a reply (doc. #282). Finally, plaintiff filed a motion to strike exhibits submitted by defendants. (Doc. #285). Defendants filed an opposition (doc. #286), to which plaintiff filed a reply (doc. #288).

The court previously granted summary judgment to defendants in this case. (Doc. #70). On October 6, 2010, the Ninth Circuit vacated in part, affirmed in part, and remanded the case to this court. (Doc. #90). The Ninth Circuit affirmed this court's decision on plaintiff's claim for professional negligence. However, the Ninth Circuit held that this court erred when it converted defendants' motion to dismiss into a motion for summary judgment, finding that plaintiff did not

**James C. Mahan**
**U.S. District Judge**

1  have a meaningful opportunity to oppose summary judgment. (Doc. #70). Further, the Ninth Circuit
2  declined to consider whether "it would be clear to a reasonable officer that his conduct was unlawful
3  in the situation he confronted," thereby leaving open the issue of whether defendants are entitled to
4  qualified immunity in this case. (Doc. #70, citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

5  Plaintiff brings three Eighth Amendment claims arising from acts and omissions which
6  occurred in 2006. In count one, plaintiff alleges that from January 5, 2006, to August 4, 2006, he
7  was exposed to unsafe levels of environmental tobacco smoke ("ETS"), also known as second hand
8  smoke. According to plaintiff, defendants assigned plaintiff a cell-mate who was a smoker in
9  January of 2006. Additionally, plaintiff asserts that on two separate occasions in April 2006,
10 defendants moved plaintiff to different cells and paired plaintiff with cell-mates who were also
11 smokers.

12 Count two alleges that plaintiff was confined to security administration ("SA") cell #3 from
13 May 2, 2006, to May 6, 2006. While confined in this cell, plaintiff asserts that he was exposed to
14 24-hour illumination, noise from a light fixture, and was denied a mattress and/or a bunk.

15 Finally, in count three, plaintiff alleges that his blood was tested in 2004, after an altercation
16 with another inmate. The results of this test showed that defendant had contracted hepatitis C.
17 However, plaintiff alleges that defendant MacArthur failed to disclose the results of the hepatitis C
18 test to plaintiff, and plaintiff did not learn of the diagnosis until he reviewed his medical records two
19 years later.

20 Both parties move for summary judgment on these three counts. Counts one and two address
21 the conditions of confinement. Claim three asserts that plaintiff was denied proper medical care.

22 **Motion to strike (doc. #284)**

23 Before reaching the motions for summary judgment, the court must address plaintiff's motion
24 to strike. Plaintiff asserts that defendants are attempting to "pad" their exhibits; defendants are
25 allegedly filing multiple copies of the same exhibits to imply "that the evidence is of a greater
26 volume and or significance." (Doc. #284). Plaintiff further argues that the court should strike
27 medical records for dates subsequent to the time frame at issue in the complaint. (Doc. #284).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    In response, defendants argue that, to the extent these records may be duplicative, defendants have not referenced these documents in a cumulative manner. (Doc. #286). Defendants cite to the records only to reference the three dates plaintiff was assigned to a cell with a cell-mate who smoked; defendants do not cite to these records multiple times to imply that each allegedly duplicative exhibit is a separate incident. Further, defendants argue that the medical records covering dates subsequent to the time frame at issue in the complaint are necessary because they demonstrate that (a) subsequent medical professionals did not agree with plaintiff's self-diagnosis that he was entitled to a medical non-smoking designation, and (b) plaintiff did not receive a medical non-smoking designation subsequent to the time period at issue in this case.

The court declines to strike these materials. The court finds that these materials meet the minimal relevancy requirements of Federal Rules of Evidence 401, 402, and 403. Further, the allegedly duplicative materials are not cited in a cumulative manner. Accordingly, there is no need to strike this evidence.

**Summary judgment standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party

James C. Mahan
U.S. District Judge

fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV. P. 56(c).

### Deliberate indifference

Under the Eighth Amendment, a prisoner has the right to be free from "cruel and unusual punishments." The Constitution "does not mandate comfortable prisons," but it does require that prisoners receive "adequate food, clothing, shelter, and medical care . . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotations omitted).

Both conditions of confinement claims and denial of medical care claims are tested under the two-part "deliberate indifference" analysis. *See Farmer*, 511 U.S. 825; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). First, "the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834. The inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm." *Id.* Second, the plaintiff must demonstrate that the defendant had a subjectively "sufficiently culpable state of mind," acting with deliberate indifference. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Hearns*, 413 F.3d at 1040 (quoting *Farmer*, 511 U.S. at 835).

I.   **Conditions of confinement**

In deliberate indifference cases challenging the conditions of confinement, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 501 U.S. 1, 9 (1992) (internal quotations omitted). "The circumstances, nature, and duration of a deprivation . . . must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

A.   **Exposure to ETS**

As detailed above, count one of the complaint asserts that defendants violated plaintiff's

1   Eighth Amendment rights when they assigned plaintiff to a cell occupied by inmates who smoked.
2   During a seven-month period in 2006, plaintiff was assigned to live with three different inmates, all
3   of whom smoked.

4         In 2006, smoking and non-smoking inmates at the High Desert State Prison were separated
5   if the non-smoker had a medical condition or restriction.  Plaintiff filed numerous grievances about
6   his exposure to ETS, and in response plaintiff was told that he needed a obtain a medical restriction
7   to be housed with other non-smokers.

8         The Ninth Circuit has held that "it is cruel and unusual punishment [under the Eighth
9   Amendment] to house a prisoner in an environment that exposes him to environmental tobacco
10  smoke ('ETS') at such levels and under such circumstances that it poses an unreasonable risk of
11  harm to his health." *McKinney v. Anderson*, 959 F.2d 853, 853 (9th Cir. 1992), *aff'd Helling v.*
12  *McKinney*, 509 U.S. 25, 35 (1993).  The court must analyze whether the risk the prisoner complains
13  of is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to
14  such a risk." *Helling*, 509 U.S. at 36.  In *McKinney*, the plaintiff's cell-mate smoked five packs of
15  cigarettes a day.  *See McKinney*, 959 F.2d at 853.

16        In this case, plaintiff has not presented any evidence demonstrating the extent of his cell-
17  mates' smoking habits.  Instead, plaintiff simply alleges that he was housed with cell-mates who
18  smoked during a seven-month period in 2006.  Under these facts, plaintiff has failed to meet the
19  objective component of the deliberate indifference standard because he has not shown a "sufficiently
20  serious" deprivation.  *See Farmer*, 511 U.S. at 834.

21        Plaintiff "must show that he himself is being exposed to unreasonably high levels of ETS."
22  *Helling*, 509 U.S. at 35.  After viewing the facts in the light most favorable to plaintiff, the record
23  indicates that plaintiff was exposed to some level of ETS for about seven months.  However, plaintiff
24  has not shown that the level and the circumstances of the exposure to ETS posed "an unreasonable
25  risk of harm to his health," such that it violated "contemporary standards of decency." *McKinney*,
26  959 F.2d at 853.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  Additionally, plaintiff has not established that the defendants involved in housing
2  assignments acted with a "sufficiently culpable state of mind." *See Farmer*, 511 U.S. at 834.
3  Plaintiff must show that defendants knew that plaintiff "face[d] a substantial risk of serious harm and
4  disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* at 847. Plaintiff filed
5  numerous grievances, but these grievances were answered, and plaintiff was instructed to contact
6  the medical department regarding a medical restriction.

7  After considering the facts in the light most favorable to plaintiff, the record shows that
8  plaintiff has not demonstrated a genuine issue of material fact as to whether he was exposed to
9  unreasonably high levels of ETS such that the risk violated contemporary standards of decency or
10 whether defendants knowingly disregarded a substantial risk of harm to plaintiff. *See Celotex Corp.*,
11 477 U.S. at 323. Accordingly, the court grants defendants' motion for summary judgment on count
12 one and denies plaintiff's motion for summary judgment on count one.

13 **B.  SA cell #3**

14 Count two asserts that defendants violated plaintiff's Eighth Amendment rights when they
15 confined plaintiff in SA cell #3 for four days. Plaintiff asserts that he was forced to sleep on the
16 floor, and was subjected to 24-hour lighting and noise from the light fixture. Plaintiff argues that
17 these conditions denied plaintiff the "minimal civilized measure of life's necessities . . . ." *Hudson*,
18 501 U.S. at 9. Plaintiff was confined in SA cell #3 after he had been written up for two separate
19 disciplinary violations.

20 "The circumstances, nature, and duration of a deprivation . . . must be considered in
21 determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731. Here,
22 plaintiff has not demonstrated that the conditions of confinement in SA cell #3 were "objectively,
23 'sufficiently serious.'" *Farmer*, 511 U.S. at 834.

24 Plaintiff was placed in disciplinary confinement for a period of four days after he had been
25 written up twice for disciplinary violations. The relatively short duration and the circumstances
26 surrounding the deprivation demonstrate that plaintiff has not raised a triable issue of fact regarding
27 the "objective" part of a deliberate indifference claim. *See id.* In other words, under the facts of this
28

James C. Mahan
U.S. District Judge

- 6 -

case, plaintiff cannot show that he was incarcerated "under conditions posing a substantial risk of serious harm." *Id.* Accordingly, the court grants defendants' motion for summary judgment on count two and denies plaintiff's motion for summary judgment on count two.

**II.    Medical care**

In count three, plaintiff asserts that defendant MacArthur was deliberately indifferent to plaintiff's medical needs when he failed to inform plaintiff of his hepatitis C diagnosis.

To establish a claim for deliberate indifference to medical needs in the Ninth Circuit, a plaintiff must show: (1) a "serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that the defendant's response to the need was deliberately indifferent. *Jett*, 439 F.3d at 1096 (internal citations omitted). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's" rights. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Finally, delaying medical treatment, without more, is insufficient for a deliberate medical indifference claim; plaintiff must demonstrate that the delay was harmful. *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Here, plaintiff has not demonstrated that the delay caused plaintiff further harm. Medical records show that follow-up tests indicated there was no need for treatment as long as plaintiff remained asymptomatic. Thus, plaintiff has not demonstrated that the delay in treatment caused him any further harm. *See Shapley*, 766 F.2d at 407. Further, the medical records were available to plaintiff pursuant to prison regulations, and plaintiff failed to inquire about the laboratory test results.

Therefore, the court finds that plaintiff received adequate medical care in the form of testing, follow-up testing, and continued monitoring and that these acts do not constitute an Eighth Amendment constitutional violation. Accordingly, the court grants defendants' motion for summary judgment on count three and denies plaintiff's motion for summary judgment on count three.

**III.    Qualified immunity**

To determine whether a state official's actions fall under qualified immunity, a court must inquire whether (1) the alleged facts, viewed in a light favorable to the plaintiff, demonstrate that the

**James C. Mahan
U.S. District Judge**

- 7 -

1  defendant violated a constitutional right, and (2) if that constitutional right was clearly established
2  at the time of the alleged incident. *Saucier*, 533 U.S. at 201.  A right is clearly established if "it
3  would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."
4  *Id.* at 202.

5        The court finds that the Ninth Circuit's decision remanding the case to this court does not
6  preclude the court from finding that qualified immunity applies in this case.  The Ninth Circuit
7  declined to consider whether a reasonable officer under these circumstances would have known that
8  his conduct was unlawful.  (Doc. #70).

9        Here, even if the court were to conclude that plaintiff's constitutional claims were cognizable,
10 defendants would still prevail on the basis of qualified immunity.  The facts set forth in support of
11 plaintiff's constitutional claims do not rise to the level of clearly established constitutional rights
12 violations which a reasonable officer would have known.  *See Saucier*, 533 U.S. at 202.  Under the
13 facts of this case, a reasonable officer would not have known that his conduct was unlawful.  *See id.*
14 Therefore, the court holds that defendants are entitled to qualified immunity.

15       Accordingly,

16       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants James Cox,
17 et. al.'s motion for summary judgment (doc. #238) be, and the same hereby is, GRANTED.

18       IT IS FURTHER ORDERED that *pro se* plaintiff Christopher A. Jones' motion for summary
19 judgment (doc. #244) be, and the same hereby is, DENIED.

20       IT IS FURTHER ORDERED that plaintiff's motion to strike (doc. #284) be, and the same
21 hereby is, DENIED.

22       IT IS FURTHER ORDERED that the clerk of court enter final judgment accordingly.
23       DATED July 5, 2012.

                                                UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**