# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DWIGHT NEVEN, et al.,<br><br>　　　　　Defendant. | 2:07-CV-1088 JCM (GWF)<br><br>Date:　　N/A<br>Time:　　N/A |

### ORDER

Presently before the court is plaintiff Christopher A. Jones's motion to review costs pursuant to Local Rule 51-14(a). (Doc. # 304). Defendants Dwight Neven *et al.* has responded (doc. # 306) and plaintiff has replied (doc. # 307).

The court granted defendants' motion for summary judgment after remand from the Ninth Circuit. (Doc. # 292). Defendant submitted a bill of costs (doc. # 294) and plaintiff objected to the bill of costs (doc. # 299). The clerk of the court then taxed costs against plaintiff in the amount of $550.05. (Doc. # 302). Plaintiff now requests this court to re-tax costs.

**I.     Legal standard**

"Unless otherwise ordered by the Court, the prevailing party shall be entitled to reasonable costs. A prevailing party who claims such costs shall serve and file a bill of costs . . . no later than fourteen (14) days after the date of entry of the judgment or decree." Nev. Dist. Court Local Rule

**James C. Mahan**
**U.S. District Judge**

1  54-1(a). Here, defendant timely filed its bill of costs. (*See* doc. # 294).

2  "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than
3  attorney's fees–should be allowed to the prevailing party . . . . The clerk may tax costs on 14 days'
4  notice." FED. R. CIV. P. 54(d)(1). Here, the clerk of the court did not timely tax costs. Plaintiff
5  objected to the bill of costs on July 18, 2012, and the clerk of the court did not tax the costs until
6  September 27, 2012.

7  "On motion served within the next 7 days, the court may review the clerk's action." *Id.* Here,
8  plaintiff did not timely file a motion to re-tax costs. The clerk of the court taxed costs on September
9  27, 2012, and plaintiff did not object until October 9, 2012. (*See* docs # 303, 304).

10  Fed. R. Civ. P. 54 "creates a presumption for awarding costs to prevailing parties; the losing
11  party must show why costs should not be awarded." *Save Our Valley v. Sound Transit,* 335 F.3d 932,
12  944-45 (9th Cir. 2003) (internal citation omitted). Lastly, Local Rule 54-14(b) states "[a] motion to
13  retax shall particularly specify the ruling of the Clerk excepted to, and no others will be considered
14  by the Court. The motion shall be decided on the same papers and evidence submitted to the Clerk."

15  Title 28 U.S.C. § 1920 governs the billing of costs. Courts are free to interpret the meaning
16  and scope of the items enumerated as taxable costs under § 1920. *Alflex Corp. v. Underwriters*
17  *Laboratories, Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) *disapproved of by Collins v. Gorman*, 96 F.3d
18  1057 (7th Cir. 1996).

19  **II.     Discussion**

20      **A.     Procedural issues**

21  Procedurally, plaintiff argues that the clerk of the court untimely taxed costs. The court
22  agrees. However, the court does not find the clerk's delay to be of consequence. While the Local
23  Rules mandate that "the Clerk shall tax the costs not later than fourteen (14) days after the filing of
24  objections . . .," Nev. Dist. Court Local Rule 54-1©; plaintiff also did not timely file a motion to re-
25  tax under Local Rule 51-14(a). On this basis, the court finds it equitable to overlook the procedural

26
27
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

defects of both filings.[1]

**B.    Discretionary factors**

As an initial matter, the court considers the factors in *Stanley v. University of Southern California*, 178 F.3d 1069 (9th Cir. 1999) (in awarding costs, courts should consider (1) plaintiff's limited financial resources, and (2) "the chilling effect of imposing such high costs on future civil rights litigants."). Plaintiff argues that indigent persons should not be deterred from bringing civil rights actions which raise important constitutional issues by the imposition of costs. However, to the extent that policy considerations are contemplated, the countervailing consideration is also true–defendants should not be forced to subsidize plaintiff's litigation activities. The court does not find $550.05 in costs likely to chill future civil rights litigants. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (affirming the award of $5,310.55 in costs and rejecting appellant's argument that this amount posed a risk of chilling future litigation).

Although plaintiff is designated as proceeding *in forma pauperis* (last assessed in September 2007, *see* doc. # 32); that designation, in it of itself, does not warrant absolving all costs that an opposing prevailing party seeks against him. That is, plaintiff's financial status does not, alone, govern this determination. *See Janoe v. Stone*, 06-CV-1511-JM, 2012 WL 70424 (S.D. Cal. Jan. 9, 2012); *cf.* 28 U.S.C. § 1915(f)(2)(B) (providing for payment of costs by installments as described under § 1915(b)(2)); *Player v. Salas,* No. 04-cv-1761, 2007 WL 4250015, at *2 (S.D.Cal., Nov.30, 2007) (in light of the provision of § 1915 for installment payments, finding no basis for incarcerated plaintiff's fear that he would not be able to pay for hygiene items and postage unless costs were re-taxed); *see also Williams v. Diaz*, 03CV634-WQL-PCL, 2010 WL 2428743 (S.D. Cal. June 11, 2010). Further, defendants are only seeking $550.05 in costs in a matter that exceeds three hundred (300) docket filings. The court finds this request to be a relatively small recovery in comparison to the time and effort defendants surely expended in defending the instant action.

---

[1] The court notes that the clerk of the court had authority to address plaintiff's initial objection to the bills of costs. (*See* Local Rule 54-13(b)).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Plaintiff also argues that the court should deny costs because he brought the case in good
2 faith. However, this fact is insufficient to justify the denial of costs to a prevailing party. *See*
3 *Mandujano v. Geithner,* C 10-01226 LB, 2011 WL 3566398 (N.D. Cal. Aug. 12, 2011).

4    **C.    Objections to specific costs**

5    Plaintiff substantively challenges the clerk's taxation of costs on two grounds: (1) arguing
6 that he did object to the $350.00 filing fee that the clerk stated was not objected to; and (2) arguing
7 that the clerk misconstrued plaintiff's objection to the deposition charge.

8    **(1)    $350.00 filing fee**

9    As a preliminary matter, the court does not find that plaintiff directly objected to the $350.00
10 filing fee in his initial objection. But it does appear that plaintiff objected to the imposition of *any*
11 costs in his objection. On this basis, the court considers plaintiff's argument.

12    Plaintiff filed this case in state court. Plaintiff argues that it was defendant's choice to remove
13 this action to federal court and incur the $350.00 filing fee, thus he should not have to pay it.
14 Plaintiff contends that state courts are competent to decide matters under federal law. The court
15 agrees. However, when plaintiff chose to bring this case in state court based on a violation of 18
16 U.S.C. § 1983, plaintiff became subject to the implications of the Federal Rules of Civil Procedure,
17 including defendants' right to remove.

18    While the court acknowledges that such a fee would likely have been waived based on
19 plaintiff's *in forma pauperis* status if plaintiff would have filed this action in federal court; plaintiff
20 chose to file his case in state court–a strategic decision that resulted in a cost to defendant that is
21 taxable against plaintiff.

22    **(2)    $200.05 deposition charge**

23    It is incumbent upon the losing party to demonstrate why the costs should not be awarded.
24 *Stanley*, 178 F.3d 1069 at 1079.

25    Plaintiff argues that he should not have to pay for the cost of a copy of a deposition that he
26 noticed as he paid for an original and a copy in his invoice from "depo international" (*see* doc. # 299,
27 Ex. B). Plaintiff declares that this paid-for copy was given to defendants free of charge. (*See* doc. #
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  299, 5 (declaration on page 7)). However, defendants have declared that the cost of obtaining a copy
2  of this deposition was "correct and [ ] necessarily incurred in this action . . . ." (Doc. # 294, 1). While
3  the cost incurred by defendants may have been in error, it appears that plaintiff's dispute as to this
4  charge is with depo international, and not defendants.

5  Further, to the extent that plaintiff argues that he should not have to pay for a cost that
6  defendants have not yet incurred, the court finds this argument misplaced. Regardless of whether
7  defendants have paid a third-party for a service does not effect plaintiff's obligation to defendant
8  pursuant to court order under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920. The recovery of costs is not
9  dependant on whether the bill has been paid, but on whether a debt has been incurred. Defendants'
10 bill from depo international demonstrates this debt, whether paid or not.

11 Lastly, while the court notes discrepancies between depo international's invoice to plaintiff
12 (doc. # 299, Ex. B) and its invoice to defendants (doc. # 294, 4),[2] any concern is allayed by
13 defendants' declaration that such cost was correct and necessarily incurred.

14 **III. Conclusion**

15 Accordingly,

16 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Christopher A.
17 Jones's motion to review costs (doc. # 304) be, and the same hereby is, DENIED.

18 DATED January 14, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] That is, plaintiff's invoice provides a list of items charged, while defendant's invoice is blank except for "sub total" and "balance due."

**James C. Mahan**
**U.S. District Judge**

- 5 -